IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CINDY A. EDWARDS,

        Plaintiff,

    v.

ONONDAGA COMMUNITY COLLEGE,
*et al.*,

        Defendants.

Civil Action No.
5:14-CV-1329 (MAD/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

Cindy A. Edwards, *Pro se*
27 Fennell Street B162
Skaneateles, NY 13152

FOR DEFENDANTS:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Cindy A. Edwards has commenced this action against her former employer, Onondaga Community College ("OCC"), and three OCC employees alleging discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29

U.S.C. § 621 *et seq.* Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for consideration. Based upon my review, plaintiff's IFP application is granted, and I recommend that she be permitted to proceed against defendant OCC in connection with her ADEA claim based on allegations that her hours were reduced and she was retaliated against. I further recommend, however, that the remaining claims, including the ADEA claims against the individual defendants, be dismissed.

I. BACKGROUND

Plaintiff commenced this action on October 31, 2014, by the filing of a complaint and accompanying IFP application. Dkt. Nos. 1, 2. Generally, plaintiff alleges that she has worked as an academic tutor for the Content Tutoring Center ("CTC") at OCC since 2003. Dkt. No. 1 at 5. She also performed clerical work for the CTC "to increase [her] hours" and worked at the CTC reception desk in the evenings. *Id.* Plaintiff alleges she tutored and did clerical work from noon until four o'clock in the afternoon, and then worked at the CTC desk from four o'clock until eight o'clock in the evening. *Id.* at 6. Beginning in the fall of 2012, however, with respect to the clerical work and the CTC desk job, she was replaced by younger individuals and told that the changes were due to budget cuts. *Id.* at 7, 8. At or around the

2

same time period, plaintiff's supervisor became hostile towards her. *Id.* When plaintiff confronted her supervisor, she was told that she was a good employee and well regarded. *Id.* at 7. Plaintiff, however, filed a grievance against her supervisor in accordance with the OCC human resources policy. *Id.* at 8. As a result of the grievance, plaintiff learned that "there was no change to the budget." *Id.* at 9. In addition, as a result of the grievance, plaintiff and her supervisor were advised not to communicate with each other directly, and the supervisor advised human resources that she did not want to work with plaintiff because, due to the grievance, "she was uncertain that she could remain civil toward [plaintiff]." *Id.* Following the filing of the grievance, plaintiff was replaced as the tutor for architecture and design. *Id.* at 10.

Plaintiff's complaint asserts claims of age discrimination in violation of the ADEA against OCC; Wendy Hammond, a Technical Specialist employed by OCC; Karen Hale, a Content Tutoring Center Coordinator also employed by OCC; and Eunice Williams, an OCC Human Resources representative. As relief, Edwards seeks recovery of monetary damages, including compensatory, emotional distress, and punitive damages, as well as costs and attorney's fees.

II. DISCUSSION

A. Application for Leave to Proceed *In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff meets the requirements for IFP status, her application for leave to proceed IFP is granted.[2]

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2] Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

B.  Sufficiency of Plaintiff's Claims

1.  Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference to *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d

Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915[(e)], may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so

as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

    A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

In her complaint, plaintiff alleges that the defendants violated the ADEA by (1) terminating her employment; (2) failing to promote her; (3) retaliating against her; and (4) creating a hostile work environment. Dkt. No. 1 at 2-3. Under the ADEA, "it shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The ADEA also prohibits an employer from retaliating against an individual who has asserted rights under the ADEA. 29 U.S.C. § 623(d); *Boland v. Town of Newington*, 304 F. App'x 7, 9 (2d Cir. 2008).

"The pleading standard for employment discrimination complaints is somewhat of an open question in [this] circuit." *Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012). Prior to 2002, plaintiff's claiming employment discrimination were required to plead a *prima facie* case under *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *Hedges*, 456 F. App'x at 23. In 2002, however, the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).

8

*Swierkiewicz*, however, was decided before *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), which, arguably, heightened the general pleading standard and now requires a complaint to contain sufficient allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Although the Second Circuit has not established a specific pleading standard for employment discrimination claims since the issuance of *Twombly*, courts in this circuit have concluded that "a complaint need not establish a prima facie case of employment discrimination . . ., [but] the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (footnote and quotation marks omitted); *accord, Johnson v. Long Island Univ.*, --- F. Supp. 3d ----, No. 13-CV-2464, 2014 WL 4926324, at *6 (S.D.N.Y. Sept. 30, 2014). With this in mind, I now proceed to analyzing the allegations in plaintiff's complaint.

### a. Reduction in Hours

Although plaintiff alleges that she was terminated by defendant OCC based on her age, there are no facts alleged that plausibly suggest she has been technically terminated. Instead, she contends that her hours were significantly reduced and offered to younger individuals. Dkt. No. 1 at

7, 9. A reduction in hours can suffice to constitute an adverse employment action for purposes of the ADEA. *See Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (finding that an employee-plaintiff can establish adverse action in an ADEA case by, *inter alia*, demonstrating that her wage or salary decreased). Plaintiff has also alleged that, on multiple occasions, she was praised for her job performance and assured she was well regarded by her fellow tutors and students, all of which plausibly suggest that plaintiff was qualified for her position. Dkt. No. 1 at 6, 7. Although plaintiff was told that the personnel changes, which eliminated her clerical work and hours at the CTC desk, were due to budgetary concerns, she was later informed that no changes to the budget prompted her replacement. *Id.* at 8, 9. In or about February 2013, plaintiff learned that she was removed from the CTC desk job because of an allegation that she had improperly accessed confidential files. *Id.* at 9. Plaintiff denies this allegation and contends that she accessed only files she was permitted or requested to access by her supervisor. *Id.* at 9-10. In the absence of any other reason for replacing her, and in light of the positive job performance reviews, plaintiff alleges that the decision to eliminate her clerical and CTC-desk-job responsibilities was based on her age. *Id.* at 10.

Mindful of my obligation to liberally construe a *pro se* litigant's complaint, I find that the above-described allegations are sufficient to survive initial review pursuant to section 1915(e) and recommend plaintiff be permitted to pursue her ADEA claim based on allegations that her hours were reduced.

b. Failure to Promote

The failure to promote an employee may also serve as adverse action in the context of an ADEA claim. *Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 535 (N.D.N.Y. 1995) (citing *Penny v. Winthrop-Univ. Hosp.*, 883 F. Supp. 839 (E.D.N.Y. 1995)). A careful review of plaintiff's complaint, however, fails to reveal any position at OCC into which she was not promoted under circumstances giving rise to an inference of discrimination. Accordingly, I recommend dismissal of any alleged failure to promote ADEA cause of action.

c. Retaliation

As was noted above, the ADEA prohibits an employer from discriminating against an individual because she has opposed a practice made unlawful under the Act. 29 U.S.C. § 623(d); *Boland*, 304 F. App'x at 9. To state a retaliation claim under the ADEA, a complaint must plead sufficient allegations plausibly suggesting that "(1) [the plaintiff]

participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [the plaintiff]; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007); *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010).

Liberally construed, plaintiff's complaint alleges that, after she filed a grievance regarding her clerical and CTC desk responsibilities being turned over to younger individuals, another individual was hired to replace her as a tutor of architecture and design. Dkt. No 1 at 8, 10. Given the temporal proximity between plaintiff's filing of her grievance and that alleged adverse action, at this early procedural juncture, I recommend that plaintiff be permitted to pursue her ADEA retaliation cause of action.

### d. Hostile Work Environment

The ADEA protects an employee from the existence of a hostile work environment based upon age. "An actionable discrimination claim based on hostile work environment under the ADEA is one for which the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir 2007) (quotation marks omitted). Plaintiff's complaint in this action,

however, only conclusorily alleges that she was subjected to increased hostility by her supervisor, who is alleged to have shouted angrily at her "on several occasions," but fails to allege any facts plausibly suggesting that her supervisor's hostility toward her was based on, or otherwise motivated by, her age. *See Kassner*, 496 F.3d at 241 ("A plaintiff must also demonstrate that she subjected to the hostility because of her membership in a protected class."). While plaintiff alleges that she was replaced by younger individuals, she does not allege any facts that suggest her supervisor's hostile conduct was precipitated by plaintiff's age. Accordingly, I recommend dismissal of plaintiff's ADEA claim to the extent that it is deemed to include a hostile work environment cause of action.

e. <u>Individual Liability</u>

In addition to OCC, plaintiff has named three individuals as defendants. The ADEA defines employer as "a person engaged in an industry affecting commerce who has twenty or more employees[.]" 29 U.S.C. § 630(b). It is well established that there is no individual liability under the ADEA. *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011). Accordingly, I recommend that plaintiff's claims against defendants Wendy Hammond, Karen Hale, and Eunice Williams be dismissed.

13

C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.

22, 1997) (Pooler, J.).

In this instance, because it is clear that, even given the opportunity to amend, plaintiff could not cure the defects cited above with respect to the ADEA claim asserted against the three individual defendants, I recommend against granting her leave to amend those claims. I further recommend, however, that plaintiff be afforded the opportunity to amend her complaint with respect to the ADEA claims asserted against OCC based on an alleged failure to promote and the existence of a hostile work environment.

III. <u>SUMMARY AND RECOMMENDATION</u>

Based on plaintiff's IFP application, I find she qualifies for that status. Accordingly, her IFP application is granted. Turning to the merits of her complaint, I conclude that plaintiff has alleged sufficient facts to survive initial review with respect to her ADEA claims based on a reduction of her hours and retaliation. Plaintiff's ADEA claims based on allegations of failure to promote and hostile work environment, however, should be dismissed with leave to amend. In addition, plaintiff's ADEA claims against the individual defendants is subject to dismissal with prejudice.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis*, (Dkt. No. 2), is GRANTED; and it is further

ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules; and it is hereby respectfully

RECOMMENDED that plaintiff's ADEA claims based upon the allegations that she was discriminated against based on a failure to promote and hostile work environment be DISMISSED,

 with leave to replead; and it is further hereby

RECOMMENDED that plaintiff's ADEA claims asserted against the individual defendants be DISMISSED with prejudice; and it is hereby

RECOMMENDED that plaintiff's complaint otherwise be accepted for filing; and it further hereby

RECOMMENDED that, if the assigned district judge adopts this report, a further order be issued as follows:

(1)  The clerk of the court shall issue summonses and forward them with copies of the amended complaint to United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the named

defendants.

(2)     The clerk is directed to schedule a Rule 16 conference.

(3)     Subsequent to service of process on defendants, defendants or their counsel shall file a formal response to plaintiff's amended complaint as provided for in the Federal Rules of Civil Procedure.

(4)     All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.** Plaintiff must comply with any requests by the clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all**

**parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:	December 17, 2014
	Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge