**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CINDY A. EDWARDS,**

                **Plaintiff,**

vs.                                         **5:14-CV-1329
                                                (MAD/DEP)**

**ONONDAGA COMMUNITY COLLEGE, WENDY
HAMMOND, KAREN HALE, and EUNICE
WILLIAMS,**

                **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**CINDY A. EDWARDS**
27 Fennell Street B162
Skaneateles, New York 13152
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On October 31, 2014, Plaintiff commenced this action *pro se* pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. *See* Dkt. No. 1. Plaintiff alleges that Defendants violated the ADEA by terminating Plaintiff's employment, failing to promote Plaintiff, and creating a hostile work environment because of Plaintiff's age and by retaliating against Plaintiff for opposing a practice made unlawful under the ADEA. *See id.* at 2-3. Plaintiff was fifty-four years old at the time of the alleged discriminatory acts. *Id.* at 3.

In a Report, Recommendation, and Order dated December 17, 2014, Magistrate Judge David E. Peebles granted Plaintiff's application to proceed in forma pauperis ("IFP") and reviewed the sufficiency of Plaintiff's complaint. *See* Dkt. No. 4. Magistrate Judge Peebles first found that Plaintiff had not alleged facts plausibly suggesting that she had been terminated, but

that Plaintiff plausibly stated a claim for relief under the ADEA based on the reduction of her hours. *See id.* at 9-11. Magistrate Judge Peebles then found that Plaintiff did not allege any existing position at Defendant Onondaga Community College ("OCC") that she was not promoted to under circumstances giving rise to an inference of discrimination, and thus failed to state a cause of action based on Defendants' failure to promote her. *See id.* at 11. Further, Magistrate Judge Peebles found that Plaintiff's allegations were sufficient to state a cause of action for retaliation under the ADEA. *See id.* at 11-12. With respect to Plaintiff's hostile work environment claims, Magistrate Judge Peebles found that Plaintiff failed to allege facts that plausibly suggested that Defendant Hammond, Plaintiff's supervisor, demonstrate hostility towards Plaintiff because of Plaintiff's age. *See id.* at 12-13. Accordingly, Magistrate Judge Peebles recommended that Plaintiff's ADEA claims based on the failure to promote her and on a hostile work environment be dismissed. *Id.* at 11, 13. Finally, Magistrate Judge Peebles noted that "[i]t is well established that there is no individual liability under the ADEA," and thus recommended that Plaintiff's claims against Defendants Hammond, Hale, and Williams be dismissed with prejudice. *Id.* at 13. Magistrate Judge Peebles then recommended that Plaintiff be given the opportunity to amend the complaint with respect to her failure to promote and hostile work environment claims against Defendant OCC, but not with respect to her claims against Defendants Hammond, Hale, and Williams because permitting amendment on those claims would be futile. *Id.* at 15. Plaintiff has not objected to Magistrate Judge Peebles' Report, Recommendation, and Order.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B).  In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal.  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and

3

recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Peebles provided Plaintiff with adequate notice that she was required to file any objections to the Report, Recommendation, and Order, and specifically informed her that failure to object to any portion of the report would preclude her right to appellate review. *See* Dkt. No. 4 at 18 ("FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)").

Having reviewed Magistrate Judge Peebles' Report, Recommendation, and Order, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should dismiss Plaintiff's complaint against Defendants Hammond, Hale, and Williams with prejudice. The Court further finds that Magistrate Judge Peebles correctly determined that Plaintiff's complaint fails to state a claim under the ADEA based on Defendant OCC's alleged failure to promote Plaintiff and its creation of a hostile work environment, for the reasons outlined in Magistrate Judge Peebles' Report, Recommendation, and Order. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). Accordingly, the Court also adopts Magistrate Judge Peebles' recommendation that Plaintiff be permitted an opportunity to amend her complaint as to her claims against Defendant OCC.

In light of the foregoing, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report, Recommendation, and Order (Dkt. No. 4) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's claims based upon Defendant OCC's failure to promote Plaintiff and creation of a hostile work environment are **DISMISSED with leave to replead**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Hammond, Hale, and Williams are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is otherwise accepted for filing;[1] and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them with copies of the complaint to the United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the named Defendant; and the Court further

**ORDERS** that the Clerk of the Court is directed to schedule a Rule 16 conference; and the Court further

**ORDERS** that subsequent to service of process on Defendant, Defendant or its counsel shall file a formal response to Plaintiff's complaint as provided for in the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party

---

[1] Plaintiff's remaining claims are her ADEA claims against Defendant OCC based on the reduction of Plaintiff's hours and on retaliation.

to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned without processing.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Local Rules.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; her failure to do so will result in the dismissal of this action.  The Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**
Dated: January 15, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge