**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CINDY A. EDWARDS,**

                                **Plaintiff,**

   vs.                                                     5:14-cv-1329
                                                                     (MAD/DEP)

**ONONDAGA COMMUNITY COLLEGE,**

                                **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**CINDY A. EDWARDS**
27 Fennell Street, Suite B, Box 162
Skaneateles, New York 13152
Plaintiff *pro se*

**ONONDAGA COMMUNITY COLLEGE**    **KEVIN M. MOORE, ESQ.**
4585 West Seneca Turnpike
Syracuse, New York 13215
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On October 31, 2014, Plaintiff, Cindy A. Edwards, commenced this action *pro se* pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*. *See* Dkt. No. 1; *see also* Dkt. No. 19-2 at 4. On April 10, 2015, Defendant, Onondaga Community College, moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure claiming Plaintiff failed to file this action within the appropriate time frame after receipt of the Notice of Rights from the Equal Employment Opportunity Commission ("EEOC"). *See* Dkt. No. 19-2 at 1, 2-3.

Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint. *See* Dkt. No. 19-2.

## II. BACKGROUND

Defendant Onondaga Community College ("OCC") is an educational institution and the former employer of Plaintiff, Cindy A. Edwards. *See* Dkt. No. 4 at 1. Plaintiff, age 54, was hired as an Academic Tutor by the Content Tutoring Center ("CTC") at OCC, on September 18, 2003. *See* Dkt. No. 1 at 3, 5.

When Plaintiff was hired she unknowingly accepted a lower pay rate. *See id.* at 5. That pay rate was never increased, even after Plaintiff informed her supervisor of the pay discrepancy. *Id*. To increase her hours and income, Plaintiff performed clerical work and special projects. *Id*. Plaintiff alleges that she worked Monday through Thursday performing tutoring and clerical duties from noon until four o'clock in the afternoon. *See* Dkt. No. 1 at 6. Then Plaintiff would work a desk at the CTC from four o'clock in the afternoon until eight o'clock in the evening. *See* Dkt. No. 1 at 6; *see also* Dkt. No. 4 at 2. Plaintiff also alleges that she was praised and awarded for her work at OCC. *See* Dkt. No. 1 at 5.

Eventually, in the Fall of 2012, Plaintiff learned that a younger tutor was being trained to replace her at the CTC desk in the evenings. *See id*. at 7. Additionally, Plaintiff was told to train a younger women who would take over Plaintiff's clerical work duties. *Id.* In October of 2012, Plaintiff was informed that she would be relieved of her evening desk job duties due to budget cuts. *See id*. at 8. Plaintiff was told the individual who was replacing her would be receiving less pay to accommodate those budget cuts. *Id*. Thereafter, Plaintiff learned that no budget cuts were made. *See id.* at 8, 9. Subsequently, Plaintiff filed a grievance against her supervisor following OCC Human Resource policies. *See id*. at 8. Following the grievance, Plaintiff and her

supervisor had to communicate with one another through a third party, because the supervisor "was uncertain that she could remain civil toward [Plaintiff]." *See* Dkt. No. 1 at 9; *see also* Dkt. No. 4 at 3. Finally, Plaintiff was replaced as the tutor for architecture and design, which resulted in an almost complete reduction of Plaintiff's hours. *See* Dkt. No. 1 at 10; *see also* Dkt. No. 4 at 3.

On October 31, 2014, Plaintiff commenced this action *pro se* pursuant to the ADEA, 29 U.S.C. §§ 621 *et seq*. *See* Dkt. No. 1; *see also* Dkt. No. 19-2 at 4. Plaintiff alleged that Defendant and other OCC employees violated the ADEA on four counts: "(1) terminating [Plaintiff's] employment; (2) failing to promote [Plaintiff]; (3) retaliating against [Plaintiff]; and (4) creating a hostile work environment." *See* Dkt. No. 4 at 8; *see also* Dkt. No. 5 at 1.

In a Report, Recommendation, and Order dated December 17, 2014, Magistrate Judge David E. Peebles granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. Additionally, Magistrate Judge Peebles recommended that the Court dismiss with leave to amend Plaintiff's failure to promote and hostile work environment claims. *See id.* at 11-13. Moreover, Magistrate Judge Peebles found that Plaintiff's ADEA claims against the other OCC employees were subject to dismissal with prejudice. *See id.* at 13.

Following the Report, Recommendation, and Order this Court issued an Order, dated January 15, 2015, adopting Magistrate Judge Peebles' Report, Recommendation, and Order in its entirety. *See* Dkt. No. 5 at 5. Although several claims and the individual defendants were dismissed, Plaintiff's retaliation and reduction in hours claims against OCC survived initial review. *See id.* at 4.

On April 10, 2015, Defendant submitted an Affidavit and Memorandum of Law, requesting "an order granting its motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(1),"

3

arguing that "the last day to file [Plaintiff's] lawsuit was October 30, 2014 and Plaintiff's filing on October 31, 2014 was thus untimely," and therefore deprived this Court of subject matter jurisdiction. *See* Dkt. No. 19-2 at 3. According to Defendant, "[f]iling a claim of age discrimination with the EEOC is a prerequisite to filing a civil action . . . in federal court." *See* Dkt. No. 19-2 at 3 (citing 29 U.S.C. § 626(d)). Further, the aggrieved person who files a civil action of age discrimination and has the civil action dismissed by the EEOC will receive a Notice of Dismissal or Termination on the civil action. *Id.* (citing 29 C.F.R. § 1626.17(a)(1)). The Notice of Dismissal or Termination will notify the aggrieved person that their "'right to file a civil action against the respondent . . . under the ADEA will expire 90 days after receipt of such the notice.'" *Id.* (quoting 29 C.F.R. § 1626.17(c)(3)).

According to Defendant, "Plaintiff filed a complaint with the EEOC on March 7, 2013 alleging discrimination on account of age pursuant to the ADEA, 29 U.S.C. §[§] 621 et seq." *See* Dkt. No. 19-2 at 4. Further, Defendant alleges that the EEOC "issued a Dismissal and Notice of Rights that was dated July 29, 2014," and that the "Dismissal and Notice of Rights was received by Defendant on July 31, 2014." *See* Dkt. No. 19-2 at 4. Additionally, Defendant mentions that "Plaintiff claimed in her complaint that she received the EEOC Dismissal and Notice of Rights 'on or about August 2, 2014.'" *See id.* (citing Dkt. No. 1 at 3). Defendant argues that this statement by Plaintiff creates "uncertainty" as to the exact time Plaintiff received the Dismissal and Notice of Rights and therefore would make a later sworn statement insufficient "to create a 'reasonable inference' of the date of receipt," and therefore allows untimeliness to prevail. *See* Dkt. No. 19-2 at 4.

Pursuant to 28 U.S.C. § 1331, and the case *Mohasco Corporation v. Silver*, 447 U.S. 807, 812 (1980), Defendant argues that "[w]ithout an express grant of jurisdictional authority by the

4

United States Congress this Court has no authority to hear this case," and "when a statute creates an express time limitation in connection with a civil cause of action, that limitation is jurisdictional and deprives the Court of subject matter jurisdiction." *See id.* at 5. Further, Defendant asserts that while courts give deference to *pro se* litigants, "[t]he United States Supreme Court has said, in a case involving a [*pro se*] litigant, that '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants.'" *Id.* (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). Additionally, Defendant states "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the Law." *Id.* (citing *Mohasco*, 447 U.S. at 826). Finally, Defendant re-asserts its claims that

> [t]he EEOC's Dismissal and Notice of Rights was issued on July 29, 2014. The legal presumption that is created by the issuance of that Notice mandates filing of a civil action in this Court no later than October 30, 2014. Plaintiff filed the complaint in this action on October 31, 2014. Because Plaintiff has already expressed some uncertainty as to date of receipt, she will be unable to create any 'reasonable inference' of timeliness in this case. As a result, this motion should be granted and an Order issued dismissing this case.

*See id*. at 5-6.

### III. DISCUSSION

**A.      Standard of Review under Fed. R. Civ. P. 12(b)(1)**

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). Both the movant and the

5

pleader are permitted to use affidavits and other pleading materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

Under a Rule 12(b)(1) motion to dismiss, "'a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff.'" *Champagne v. United States*, 15 F. Supp. 3d 210, 218 (N.D.N.Y. 2014) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). Further, "[u]nder Rule 12(b)(1), '[d]ismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitled him or her to relief.'" *Champagne*, 15 F. Supp. 3d at 218 (N.D.N.Y. 2014) (quoting *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004)).

**B.     29 U.S.C. §§ 621 et. al. and Notice**

The ADEA was created "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621. Under, § 626(e) of the ADEA, "[i]f a charge filed with the Commission under this Act is dismissed or the proceedings of the Commission are otherwise terminated by the

Commission, the Commission shall notify the person aggrieved," and thereafter a "civil action may be brought under this section by a person defined in section 11(a) [29 U.S.C. § 630(a)] against the respondent named in the charge within 90 days after the date of the receipt of such notice." 29 U.S.C. § 626(e).

"Normally it is assumed that a mail document is received three days after its mailing," and it is "normally presumed that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525-26 (2d Cir. 1996) (citing *Baldwin*, 466 U.S. at 148, n.1 (1984)); *see also Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). Additionally, "'[w]hile the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Gardner v. Honest Weight Food Coop., Inc.*, 96 F. Supp. 2d 154, 158 (N.D.N.Y. 2000) (citing *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)); *see also Moscowitz v. Brown*, 850 F. Supp. 1185, 1188 (S.D.N.Y. 1994) (upholding a motion to dismiss after a *pro se* plaintiff amended his original complaint in 91 days, failing to amend before the end of the 90-day period).

The said three-day presumption can be rebutted if "a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach [the claimant] by mail." *Sherlock*, 84 F.3d at 526. Further, a "sworn affidavit submitted by [a] Plaintiff is sufficient to create a genuine issue of fact about whether [the plaintiff] received the Right-To-Sue letter . . . adequately [rebutting] the presumption set forth in Sherlock." *Gardner*, 96 F. Supp. 2d at 159. However, it is not enough to rebut the three-day presumption if a plaintiff only presents evidence showing either their "own lack of recollection" or a "mere denial of receipt." *Sherlock*,

84 F.3d at 526; *Isaacson v. N.Y. Organ Donor Network*, 405 Fed. Appx. 552, 553 (2d Cir. 2011) (citing *Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985)).

Here, the EEOC issued and mailed a Dismissal and Notice of Rights to both Defendant and Plaintiff on July 29, 2014. *See* Dkt. No. 1 at 11. Defendant asserts receipt of the EEOC Dismissal and Notice of Rights on July 31, 2014. *See* Dkt. No. 19-2 at 4. Further, Defendant argues, based on the three-day presumption from *Sherlock*, that Plaintiff received the Dismissal and Notice of Rights on August 1, 2014, therefore making Plaintiff's October 31, 2014 complaint untimely. *See* Dkt. No. 19-2 at 3, 4. Moreover, Defendant argues that in her complaint, Plaintiff stated "that she received the EEOC Dismissal and Notice of Rights 'on or about August 2, 2014,'" creating "uncertainty" as to the exact time Plaintiff received the Dismissal and Notice of Rights. *See* Dkt. No. 19-2 at 4. Therefore, Defendant argues that "even a later sworn statement giving an exact date would not be sufficient to create a 'reasonable inference' of the date of receipt." *Id.*

While the Second Circuit follows the three-day presumption regarding mailed documents, the presumption can be rebutted. *Sherlock*, 84 F.3d at 525-26. The presumption is rebutted so long as the rebuttal is "sworn testimony or other admissible evidence," and not a mere "lack of recollection," or "denial of receipt." *Id.* (internal citations omitted); *see also Gardner*, 96 F. Supp. 2d at 159. Here, Plaintiff argues in her sworn affidavit that she received the Dismissal and Notice of Rights on Saturday, August 2, 2014. *See* Dkt. No. 24 at 1; *see also* Dkt. No. 24-1 at 1. Further, Plaintiff supports her argument by explaining that she remembers when she received the Dismissal and Notice of Rights "because [she] was upset at receiving the notice." *See* Dkt. No. 24 at 1; *see also* Dkt. No. 24-1 at 2. Additionally, Plaintiff also notes a history of "timeliness issues" with her postal delivery service. *See* Dkt. No. 24 at 1; *see also* Dkt. No. 24-1 at 2. Moreover, Plaintiff neither denies receipt of the Dismissal and Notice of Rights, nor does Plaintiff

8

simply rely on the argument that she does not remember when she received the Dismissal and Notice of Rights. *See* Dkt. No. 24 at 1; *see also Sherlock*, 84 F.3d at 526 (internal citations omitted). Plaintiff's position is further supported by her complaint, in which she swore under penalty of perjury that she received the notice on August 2, 2014. *See* Dkt. No. 1 at 3. Here, the foregoing facts and Plaintiff's complaint, and sworn affidavit rebut the presumption set out in *Sherlock*. *See Gardner*, 96 F. Supp. 2d at 159 (citing *Sherlock*, 84 F.3d at 526). As such, the Court rejects Defendant's conclusory assertions and denies its motion to dismiss this action as untimely.

Based on the foregoing the Court finds that there is a genuine issue of material fact as to when Plaintiff received her Dismissal and Notice of Rights letter, and therefore the Court concludes Defendant's motion for summary judgment is denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 16, 2015
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge